**No. 28277**

**The People of the State of Colorado v. The Denver Publishing Co., Inc., d/b/a Rocky Mountain News, The People of the State of Colorado v. Paul Hutchinson, The People of the State of Colorado v. Al Knight, The People of the State of Colorado v. Frances Melrose**

(597 P.2d 1038)

Decided July 16, 1979.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief, Paul A. King, Deputy, for plaintiff-appellant.

Clark, Martin & Pringle, Bruce D. Pringle, for defendants-appellees.

*En Banc*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The People appeal the dismissal by the Douglas County District Court of charges against the Denver Publishing Company, publisher of the Rocky Mountain News; Paul Hutchinson; Al Knight and Frances Melrose (defendants).[1]

On March 11, 1978, the Douglas County Courthouse was destroyed by fire. An investigation was commenced, and a 17-year-old girl was arrested on March 22, 1978. A detention hearing was scheduled for March

---

[1] This appeal involves four separate criminal actions which were consolidated in the trial court.

24, 1978. On the morning of March 24, prior to the scheduled hearing, an article was published in the Rocky Mountain News which stated that a 17-year-old girl had been arrested in connection with the March 11 fire and that "[O]ther sources identified the girl as Roseanne Lucero of the Denver area."

The information concerning the juvenile was not obtained at a juvenile proceeding but was obtained in a lawful manner from other sources.

The defendants were subsequently charged with violating Section 19-1-107(6), C.R.S. 1973, which provides:

"(6) The name, picture, place of residence, or identity of any child, parent, guardian, other custodian, or person appearing as a witness in proceedings under section 19-1-104 shall not be published in any newspaper or in any other publication nor given any other publicity unless for good cause it is specifically permitted by order of the court. Any person who violates the provisions of this subsection (6) is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment."[2]

Before trial, the defendants moved to dismiss the charges on the basis that the statute is facially overbroad and unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article II, Section 10, of the Colorado Constitution, and was unconstitutionally applied to the defendants. The district court ruled that the statute was facially overbroad and granted the motion to dismiss. We affirm.

We note at the outset that the statute imposes a prior restraint on the press (prior approval of the court required for publication) and a penal sanction for violation of the statute.

As such, it comes to this court bearing a heavy presumption against its constitutional validity. *New York Times v. United States,* 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971).

The defendants argue that the statute sweeps so broadly that it proscribes constitutionally protected behavior and that the state's interest in preserving the anonymity of juveniles is not sufficient to overcome their First Amendment rights.

The People argue to the contrary. They assert that forbidding a newspaper to publish the name of a juvenile, except with permission of the court, is a reasonable exercise of the state's power in furtherance of a justifiable state interest, *i.e.,* the protection of juveniles.

We have stated in the past, and reaffirm today, that in cases involving First Amendment rights we will closely scrutinize statutes that seek to prohibit or penalize the free exercise of those rights. *People v.*

---

[2] We note that this subsection was repealed *in toto* on June 15, 1979, by Senate Bill No. 362.

*Vaughn,* 183 Colo. 40, 514 P.2d 1318 (1973); *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975).

■ The United States Supreme Court in the past five years has decided several cases which point us in the direction we follow today. *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978); *Oklahoma Publishing Co. v. District Court,* 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1976); and *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), reaffirm the basic proposition that statutes or court decisions which tend to prohibit or suppress the publication of truthful and lawfully obtained information can seldom satisfy constitutional standards.

Since oral argument in this case, the United States Supreme Court decided *Smith v. Daily Mail Publishing Co.,* _____U.S. _____, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979), which held unconstitutional a West Virginia statute which provided that:

"[N]or shall the name of any child, in connection with any proceedings under this chapter be published in any newspaper without a written order of the court . . . ."

and

"A person who violates . . . a provision of this chapter . . . shall be guilty of a misdemeanor . . . ."

In considering the state's argument that confidentiality will further a juvenile's rehabilitation, the Supreme Court concluded that the state's policy is not sufficient to justify application of a criminal penalty to the respondent newspapers.

In addition, it was pointed out that all fifty states have statutes that provide in some way for confidentiality, but only five (including Colorado) impose criminal penalties on nonparties for publication of the identity of the juvenile.

In conclusion, the Court said:

"Our holding in this case is narrow. There is no issue before us of unlawful press access to confidential judicial proceedings . . .; there is no issue here of privacy or prejudicial pretrial publicity. At issue is simply the power of a state to punish the truthful publication of an alleged juvenile delinquent's name lawfully obtained by a newspaper. The asserted state interest cannot justify the statute's imposition of criminal sanctions on this type of publication."

■ We hold that section 19-1-107(6), C.R.S. 1973, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article II, Section 10, of the Colorado Constitution.

The judgment of the district court is affirmed.